UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY BERNARD CHANDLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-02442-JMS-TAB |
| ) | |
| RADIAL, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY**

This cause is before the Court on Plaintiff's motion to compel further discovery. [Filing No. 33.] In this motion, Plaintiff raises issues that were discussed at the November 29, 2023, telephonic status conference. As set forth in the order following that conference, Defendant provided some documents that are responsive to Plaintiff's requests. Other documents Plaintiff seeks were not retained by Defendant and therefore do not exist. Still other documents were produced in partially redacted form along with privilege logs. [Filing No. 32.] Plaintiff's motion to compel continues to insist that Defendant's production is deficient. However, as explained by Defendant at the November 29 conference, and as more fully set forth in this order and in Defendant's response to Plaintiff's motion [Filing No. 39], Defendant has satisfied its discovery obligations.

As a preliminary matter, Defendant claims Plaintiff's motion is untimely. Arguably this may be true given Plaintiff failed to raise these discovery issues with the Court prior to the close of liability discovery on October 23, 2023. However, the Court declines to deny Plaintiff's motion for this reason. The Court conducted a telephonic status conference with Plaintiff and Defendant's counsel on November 29, 2023, at which Plaintiff raised his discovery concerns.

[Filing No. 32.]  The Court specifically stated in the order following that conference that Plaintiff had satisfied his obligation to raise his discovery concerns with the Court and could file a motion to compel.  Therefore, the Court addresses the substance of Plaintiff's motion.

In response to Plaintiff's discovery requests, Defendant produced almost 2,000 pages of responsive documents.  Thereafter, on September 5, 2023, Defendant supplemented its production with over 300 additional documents.  Accompanying Defendant's document production were privilege logs in support of various redactions.  As set forth in Defendant's response brief, Defendant redacted statements in the documents that referred to or contained advice from Defendant's in-house legal department based on attorney-client privilege.  *Hill-Rom Services, Inc. v. Tellisense Medical, LLC,* No. 1:17-cv-04725-WTL-MJD, 2019 WL 10888530, at *2 (S.D. Ind. May 13, 2019) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)).

Contrary to Plaintiff's assertion, by redacting portions of the documents that are privileged, Defendant has not opened the door.  Quite the opposite is true.  Defendant complied with its obligations in narrowly tailoring any assertions of privilege and producing corresponding privilege logs.  Defendant has not waived the attorney-privilege.  Defendant's response brief explains that Defendant has conducted a good-faith search based on Plaintiff's discovery requests throughout this litigation and has produced relevant and non-privileged emails responsive to his requests that were located after conducting appropriate searches.  Although Plaintiff believes there may be additional emails sent from Javier Cortes, Defendant has not been able to locate what it understands Plaintiff to be seeking.  Rule 26 requires that the disclosing party provide discovery that is "in its possession, custody, or control[.]"  Fed. R. Civ. P. 26(a)(1)(A)(ii).  Defendant deleted Plaintiff's email account and that of Cortes consistent with its 30-day deletion policy, well before Defendant was notified of Plaintiff's legal claim.  As a result,

Defendant did not act inappropriately, and there are no documents for which the Court can compel production or order other relief. *See, e.g., Charvat v. Valente,* No. 12 CV 5746, 2015 WL 4037776, at *3 (N.D. Ill. July 1, 2015) ("There is no evidence that Carnival's routine deletion of former employees' files in accordance with an established document retention policy was done for the purpose of hiding adverse information.").

For these reasons, Plaintiff's motion to compel further discovery [Filing No. 33] is denied.

Date: 1/16/2024

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

ANTHONY BERNARD CHANDLER
4131 Eagle Cove W. Dr.
Indianapolis, IN 46254